IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MORRIS TOLD; and MORRIS TOLD, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>INTERWEST CONSTRUCTION CO., INC., a Utah corporation; and DOES 1-100, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL**<br><br>Case No: 2:03-CV-751 PGC<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge David Nuffer |

In August 2003, Plaintiffs filed a complaint against Defendant Interwest claiming violations of the False Claim Act, conspiracy, fraud and unjust enrichment relating to a construction project both parties were involved with at the Veterans Administration Medical Center in Salt Lake City, Utah. In May 2006, Interwest served Plaintiffa with Defendant's First Set of Interrogatories and First Request for Production of Documents. Plaintiffs failed to respond within 30 days, but subsequently requested an extension to which Interwest agreed. Yet, Plaintiffs still failed to answer the discovery requests within that time frame. In August 2006, Interwest sent a letter to Plaintiffs requesting answers to the discovery requests. At the time Interwest filed this motion to compel,[1] Plaintiffs had not yet provided responses to the requested discovery. Defendant also seeks costs and attorney fees associated in bringing the motion to

---

[1] Motion to Compel, docket no. 32, filed December 22, 2006.

compel.[2]

In response, Plaintiffs claim that the motion to compel should be denied for various insufficient reasons.[3] Although Plaintiffs responded to the discovery requests on January 26, 2007, their answers to the interrogatories and request for documents are clearly inadequate. Plaintiffs have not filed a motion for a protective order and have not provided a privilege log for information that they claim is protected in their answers. The requested interrogatories do not exceed the limit set in the scheduling order.[4]

## ORDER

IT IS HEREBY ORDERED that:

1. The motion to compel[5] is GRANTED;

2. Plaintiffs shall respond to the previously requested discovery on or before March 22, 2007;

3. Within ten (10) calendar days of the response, Defendant shall notify Plaintiffs of any claimed deficiencies in the discovery response;

4. Within seven (7) calendar days of notice of any claimed deficiencies, counsel shall meet and confer in person;

5. Not less than seven (7) calendar days after that meeting, Defendant may *file* a supplemental report detailing any remaining claimed deficiencies in Plaintiffs' responses; and

---

[2]*Id.* at 2; Reply Memorandum at 12, docket no. 42.

[3]*See* Memorandum in Opposition at 4-6, docket no. 39 (arguing that: (A) Interwest failed to meet and confer; (B) Interrogatories exceeded the limit of 25; (C) Motion is moot as Plaintiffs have now answered; (D) Plaintiffs' delay was not willful; (E) Interwest is not in compliance with Rule 26(a)).

[4]*See* Scheduling Order, docket no. 29.

[5]Docket no. 32.

6. Within five (5) calendar days of the filing of Defendant's supplemental report, Plaintiffs may *file* a response to the report.

7. Copies of documents identified in Paragraphs 6 and 7 shall be emailed to mj.nuffer@utd.uscourts.gov with a reference to the date and docket number of this order. The emails should be copied to counsel.

8. Plaintiffs are WARNED that failure to comply with a discovery obligation may result in sanctions which may include dismissal of claims and significant monetary sanctions.

IT IS FURTHER ORDERED that the request for costs and attorney fees is taken under advisement. Submissions on this issue may be requested at a later date.

February 28, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge