IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MORRIS TOLD; and MORRIS TOLD, Individually,<br><br>        Plaintiffs,<br><br>v.<br><br>INTERWEST CONSTRUCTION CO., INC., a Utah corporation; and DOES 1-100, inclusive,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR CLARIFICATION**<br><br>Case No: 2:03-CV-751 PGC<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge David Nuffer |

    Plaintiffs move for clarification[1] of the court's Order[2] granting Defendant's Motion to Compel. Although acknowledging their responses were late, Plaintiffs assert that they have fully responded to Defendant's discovery requests and that no further response is necessary. Clearly, Plaintiffs do not understand the court's order.

    In the order, the court stated: "Although Plaintiffs responded to the discovery requests on January 26, 2007, their answers to the interrogatories and request for documents are clearly inadequate."[3] Thus, the court was fully aware that responses had been filed. The court reviewed

---

[1] Motion for Clarification, docket no. 46, filed March 9, 2007.

[2] Docket no. 43, filed February 28, 2007.

[3] *Id.* at 2.

those responses[4] prior to granting the motion to compel.  The court's order requires Plaintiffs to supplement and cure the deficiencies in their responses to the interrogatories and request for documents.  Plaintiffs must provide information or documentation relating to the allegations set forth in the complaint.  The memoranda from Defendant clearly outlines the deficiencies.

For guidance, and to ensure that Plaintiff is left without excuse for non-compliance with the court's order, the court will provide some examples, which include but are not limited to the following.  *This is not an exhaustive list; it is illustrative.*

- In responses to interrogatories and to requests for documents (*i.e.*, numbers 3 and 4), Plaintiffs attempt to make a request for a protective order.  As the court noted in the order, "Plaintiffs have not filed a motion for a protective order and have not provided a privilege log for information that they claim is protected in their answers."[5]  A filed *motion* is required for a protective order.  The responses are not a filed document and therefore cannot be construed as a motion for a protective order.
- A privilege log is also required, which Plaintiffs have not provided.
- The use of "premature" as an objection (as in request number 7) is not a valid objection to the request.
- The response to interrogatory 4 does not contain names of any witnesses as requested.  The identification of persons (particularly "persons who may be deposed") by category or description (particularly a circular description such as that just mentioned) is entirely unacceptable.
- Plaintiffs must provide answers of substance to all the interrogatories and cannot cast the entire burden of producing information on Defendants as Plaintiffs attempt to do in their responses to various interrogatories (such as numbers 5 and 6).
- The response to interrogatory 7 does not list any verbal conversations and simply refers to "documents."  It is hard to believe there were no verbal conversations.

---

[4]Reply Memorandum to Defendant's Motion to Compel Discovery, exhibit C, docket no. 42, filed February 7, 2007.

[5]Order at 2, docket no. 43.

- Also, a party cannot refer to documents as an answer to an interrogatory unless they are specified "in sufficient detail to permit the interrogating party to locate and to identify . . . the records from which the answer may be ascertained."[6]

## ORDER

IT IS HEREBY ORDERED that the Motion for Clarification[7] is GRANTED.

IT IS FURTHER ORDERED that the court AFFIRMS its previous Order[8] compelling Plaintiffs to supplement their responses to Defendant's discovery requests, modified only as follows:

1. Plaintiffs shall supplement their responses to the previously requested discovery on or before March 23, 2007;

2. Within ten (10) calendar days of the response, Defendant shall notify Plaintiffs of any claimed deficiencies in the discovery response;

3. Within seven (7) calendar days of notice of any claimed deficiencies, counsel shall meet and confer in person;

4. Not less than seven (7) calendar days after that meeting, Defendant may *file* a supplemental report detailing any remaining claimed deficiencies in Plaintiffs' responses; and

5. Within five (5) calendar days of the filing of Defendant's supplemental report, Plaintiffs may *file* a response to the report.

6. Copies of documents identified in Paragraphs 6 and 7 shall be emailed to mj.nuffer@utd.uscourts.gov with a reference to the Order on February 28, 2007, docket number 43. The emails should be copied to counsel.

---

[6] Fed. R. Civ. P. 33(d).

[7] Docket no. 46.

[8] Docket no. 43.

7. Plaintiffs are WARNED that failure to comply with a discovery obligation may result in sanctions which may include dismissal of claims and significant monetary sanctions.

March 20, 2007.

                        BY THE COURT:

                        _____
                        David Nuffer
                        U.S. Magistrate Judge