IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MORRIS TOLD, and MORRIS TOLD, individually,<br><br>          Plaintiffs,<br><br>vs.<br><br>INTERWEST CONSTRUCTION CO., INC., a Utah corporation, and DOES 1–100, inclusive,<br><br>          Defendants. | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:03-CV-00751 PGC |

Morris Told filed this suit, as a *qui tam* action, on August 26, 2003. In his complaint, Mr. Told alleges Interwest Construction Co., Inc., violated the False Claims Act.[1] Mr. Told also lodges fraud and unjust enrichment claims against Interwest. But all of Mr. Told's claims against Interwest fail, as they are barred by the applicable statutes of limitations. The statute of limitations of the False Claims Act bars relator claims for violations occurring more than six years before the filing of the suit — the tolling limitation applies only to claims by the United States. And under Utah law, the statutes of limitations for unjust enrichment and fraud are four

---

[1] 31 U.S.C. §§ 3729 *et seq.*

years and three years, respectively. Because Mr. Told has failed to show he filed his claims within the allowable time periods, the court finds his claims to be time-barred. The court, therefore, must grant summary judgment to Interwest.

## BACKGROUND

In 1990, Interwest entered into a contract with the United States of America (via the Veterans Administration) related to the remodeling and expansion of the Veterans Administration Hospital in Salt Lake City, Utah. The United States contracted responsibility for the construction management of Phase I of the project to Interwest. Interwest subcontracted with M.T. Enterprises, Inc., to perform certain work on Phase I. Phase I of the project lasted from 1990 to 1994.

On July 19, 1995, M.T. filed suit against Interwest due to disputes that arose between Interwest and M.T. as to obligations arising pursuant to their subcontract. M.T. filed the suit, *United States of America for and on Behalf of M.T. Enterprises, Inc. v. Interwest Construction Co. Inc.*,[2] in the United States District Court for the District of Utah. In the suit, M.T. alleged various acts of wrongdoing by Interwest relating to the subcontract, from 1990 to 1994. Interwest denied M.T.'s allegations in an answer filed on September 26, 1995. Judge Benson, who presided over the case, dismissed M.T.'s case for failure to prosecute on October 28, 2004.

On August 29, 2003, Morris Told, president and chief executive officer of M.T., filed the present action under seal, as a relator. On October 12, 2005, the United States declined to intervene as a party in this case. On April 3, 2006, the complaint was served on Interwest. In his

---

[2] 2:95-cv-00668 (Benson, J., presiding).

complaint, Mr. Told alleges that during Phase I of the project — from 1990 to 1994 — Interwest violated the False Claims Act.  Additionally, Mr. Told makes fraud and unjust enrichment claims against Interwest.  Specifically, Mr. Told alleges Interwest wrongfully retained M.T.'s funds, as well as those of other subcontractors, during the construction.  He also alleges Interwest failed to timely pay M.T. and other subcontractors for work performed during the project.  In his opposing memorandum, Mr. Told implies Interwest's wrongdoing persisted into 1999, but Mr. Told provided no evidence to support such a finding, and his own complaint belies this claim.

Interwest denied Mr. Told's allegations in its answer.  As affirmative defenses, Interwest asserted that Mr. Told's claims were barred by the doctrine of res judicata, as well as the statutes of limitations in 31 U.S.C. § 3731(b), and sections 78-121-26(3) and 78-12-25 of the Utah Code.  Interwest bases its current motion for summary judgment on these same grounds, as well as on Mr. Told's lack of standing.

## STANDARD OF REVIEW

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3]  In determining the appropriateness of summary judgment, the court must "view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the non-moving party."[4]  However, "[t]he mere existence of a scintilla of evidence in support of the

---

[3] Fed. R. Civ. P. 56(c).

[4] *Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1199 (10th Cir. 2004).

plaintiff's position will be insufficient [to overcome a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff."[5]

## DISCUSSION

The court finds it must grant summary judgment to Interwest because Mr. Told filed all of his claims outside the applicable statute of limitations periods. Because Mr. Told's claims are clearly time-barred, the court need not (and does not) address Interwest's claims relating to res judicata and standing, or its motion to strike.

**I.    Statutes of Limitations**

   *A.    False Claims Act Violations*

Interwest argues the six year statue of limitations in 31 U.S.C. § 3731(b) bars the claims Mr. Told asserts under the False Claims Act. Mr. Told counters that the second part of the statute, tolling the limitations period, saves his claims. The court finds Mr. Told's claims to be time-barred.

The statute of limitations provision of the False Claims Act reads:

(b)    A civil action under section 3730 may not be brought —
   (1)    more than 6 years after the date on which the violation is committed, or
   (2)    more than 3 years after the date when facts material to the right or action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.[6]

---

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] 31 U.S.C. § 3730.

Although there is a circuit split on the effect of this provision,[7] the Tenth Circuit has definitively addressed the issue. In *United States of America ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah*,[8] the Tenth Circuit squarely addressed whether the ten-year statute of limitations of § 3731(b) applies to relators or only to the United States itself. In short, the court determined that Congress did not intend for the tolling provision to apply to private *qui tam* suits.[9] The court found that because *qui tam* suits are meant to rapidly expose fraud against public money "unencumbered by the lack of resources or the bureaucracy inherent in enforcement by public authorities," § 3731(b)(2) does not apply to relators at all.[10] "[T]his result is more in accord with the FCA's stated purpose of encouraging prompt action on the part of relators and would discourage those relators who chose to delay in bringing an FCA claim . . . to allow increasing damages to accrue. Congress cannot have intended such a result."[11] In other words, where the government does not intervene, the second subsection of § 3731(b) excludes relators. Instead, this tolling provision only applies to the government.

In this case, the United States has not intervened as a party. Even though the United States is a real party in interest because the suit is brought on behalf of the government, the suit is a private *qui tam* suit. The tolling provision in § 3731(b)(2), therefore, excludes a relator such as

---

[7] *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 474 F. Supp. 2d 75, 83 (D.D.C. 2006).

[8] 472 F.3d 702 (10th Cir. 2006).

[9] *Id.* at 725.

[10] *Id.*

[11] *Id.* at 725–26.

Mr. Told. This effectively negates Mr. Told's claims under the False Claims Act. Mr. Told filed his complaint in this case on August 29, 2003. Therefore, under *Sikkenga*, the statute of limitations bars any claims for violations of the False Claims Act alleged to have occurred before August 29, 1997. All of the claims in Mr. Told's complaint fall outside this time period — as such, all of the claims are time-barred.

Mr. Told makes only two arguments against Interwest's False Claims Act statute-of-limitations argument. The court has already rejected his first argument — that the tolling provision applies to him. Second, Mr. Told alleges he was made aware of certain wrongdoing by Interwest only after he filed his complaint, and the wrongdoing would not be time-barred, as it occurred in 1999. This 1999 claim is the only claim Mr. Told specifies that falls within the six year limitations period of § 3731(b)(2). But Mr. Told first mentioned this new claim in his opposition to Interwest's motion for summary judgment. And even liberally construing Mr. Told's reference to this new argument as a motion for leave to amend his complaint, his motion fails.

### 1. Mr. Told's New Claim

Although the court expects plaintiffs to file formal motions to amend their pleadings if they want to add entirely new claims to their complaints, Mr. Told has not done so. Nonetheless, he attempts to avoid summary judgment by asserting a new claim, which he alleges escapes the time-barred fate of the other claims because it occurred in 1999. The court construes this attempt liberally as a motion to amend his pleadings, since Mr. Told's reliance on the argument effectively stands as a request to raise a new claim.

Rule 15(a) of the Federal Rules of Civil Procedure governs leave to amend pleadings. Under Rule 15, parties have a limited time to amend their pleadings absent leave of the court. After this permissive period expires, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[12] The "'decision to grant leave to amend a complaint, after the permissive period is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.'"[13] With this in mind, as a general rule:

> [A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.[14]

This liberal rule, however, does not negate defendants' need for "fair notice" of the claims against them.[15] Therefore, the court must not

> permit plaintiffs to wait until the last minute to ascertain and refine those theories on which they intend to build their case. This practice, if permitted, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances.[16]

In this case, the first time Mr. Told raised the allegation of wrongdoing from 1999 against

---

[12] Fed. R. Civ. P. 15(a).

[13] *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) (quoting *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[14] *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991).

[15] *Id.* at 1091.

[16] *Id.*

Interwest was in his opposition to Interwest's motion for summary judgment. In full, Mr. Told describes his new claim as follows:

> Interwest obtained a $375,000 award from the United States for "delay damages" in 1999. In obtaining this award, Interwest presented the claims of MT Enterprises and others subcontractors. In other words, Interwest made a claim for delay damages on behalf of MT Enterprises and certain of the other subcontractors. Interwest had a duty to pay all or a portion of these funds to its subcontractors, or to advise the United States that it was not going to do so and refund an appropriate portion of that award back to the United States. You can not obtain and keep monies from the United States which are not properly yours.
> Assuming that this award violated the False Claims Act, this violation clearly occurred within six years of the filing of the complaint.[17]

From the last sentence, the court infers that Mr. Told attempts to bring this claim under the False Claims Act — but even this is not entirely clear. Basically, other than the above-quoted paragraph, Mr. Told has made no claim Interwest wrongfully retained money in 1999. Even read liberally, Mr. Told's complaint contains no such allegations. Until now, he has made no effort to amend his complaint or otherwise assert this claim. In other words, Mr. Told never brought this possible claim to the attention of the court or Interwest, even though he first filed his complaint in August 2003 — nearly four years ago.

In addition to the argument above, Mr. Told submitted an affidavit explaining he was unaware the government had paid Interwest $375,000 in delay damages until after he "was told that information by a government investigator who was investigating the facts herein."[18] A reasonable inference from this quoted language is that Mr. Told obtained the information on this

---

[17] Errata to Mem. Opp'n Mot. Summ. J. 17 (Docket No. 62).

[18] Told Aff. 2 (Exh. 5, Docket No. 63).

possible claim while the government was actively investigating the case — before it decided not to intervene.  The government elected not to intervene in the case in October 2005, yet at no time before or since has Mr. Told attempted to add any claims in this case.

The court could overlook Mr. Told's failure to timely add this claim if pursuing it now would not subject Interwest to prejudice.  But at this point in the proceedings, an amendment to Mr. Told's pleadings would substantially prejudice Interwest and would lead to judicial inefficiency.  For one thing, Mr. Told's new allegation does not effectively put Interwest on notice of what type of violation is being alleged, when Mr. Told learned of the violation, or whether it even definitively relates to the False Claims Act.  And Mr. Told alleges a set of entirely new facts — facts never alleged in the complaint and not foreseeable from the complaint.  It would substantially burden Interwest to try to defend such an ill-defined claim so late in the process.

For another thing, the fact discovery period ended over two months ago — on April 2, 2007.[19]  Allowing Mr. Told to raise this new claim so long after the discovery period has ended would put this case in a serious backslide.  It would necessitate additional preparation and discovery periods, and require significant time continuances.  This would lead to judicial inefficiency and would place a serious burden Interwest, effectively putting the parties back at square one.  Permitting Mr. Told to redefine his theories, claims, and factual allegations at this late date would be to require Interwest to shoot at a moving target, constantly forging new and different defenses.  For Interwest, such a result would be unreasonable and unfairly prejudicial.

---

[19] *See* Scheduling Order 2 (Docket No. 29).

For these reasons, the court denies Mr. Told's attempt to amend his pleadings at this late date.  Therefore, Mr. Told's claim of Interwest's wrongful detention of delay damages in 1999 is not part of this suit.  As discussed above, the only remaining violations of the False Claims Act alleged by Mr. Told occurred prior to August 29, 1997.  Because they are time-barred, the court grants summary judgment to Interwest with respect to Mr. Told's claims under the False Claims Act.

> B.   *State/Common Law Claims*

Interwest also argues that Mr. Told's remaining claims — fraud and unjust enrichment — are barred by Utah statutes of limitations.  This contention prevails procedurally, because of Mr. Told's failure to respond to Interwest's argument as to this point.  Interwest's argument also prevails on the merits.

Section 78-12-26(3) of the Utah Code relates to fraud claims.  It provides that "[a]n action may be brought within three years . . . for relief on the ground of fraud or mistake."[20]  Similarly, an action for unjust enrichment must be brought within four years.  Specifically, section 78-12-25 of the Utah Code provides that "[a]n action may be brought within four years . . . upon a contract, obligation, or liability not founded upon an instrument in writing."[21]

Mr. Told has failed to even respond to Interwest's contention that his unjust enrichment and fraud claims are barred by Utah statutes of limitations.  The court deems arguments not

---

[20] Utah Code Ann. § 78-12-26.

[21] *Id.* § 78-12-25.

addressed in an opposition to be abandoned.[22]  For this reason alone, the court finds it proper to grant Interwest's motion for summary judgment with regard to these claims.

Further, even if Mr. Told had responded to Interwest's claims, Interwest would have succeeded on the merits.  Mr. Told bases his fraud and unjust enrichment claims on events occurring from 1990 to 1994 — during Phase I of the project.  Mr. Told filed his complaint in August 2003.  Accordingly, his fraud and unjust enrichment claims fall far outside the limitations periods provided for in the Utah Code.  The court, therefore, dismisses these claims procedurally as well as on the merits.

## CONCLUSION

Because the court finds Mr. Told's claims to be barred by the statutes of limitations under the False Claims Act and Utah law, the court must GRANT summary judgment to the defendants [# 57].  Moreover, the court need not address Interwest's claims relating to res judicata and standing, and in light of this order, Interwest's motion to strike [#66] is MOOT.  The clerk's office is directed to enter judgment accordingly and to close the case.

DATED this 8th day of June, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[22] *See Buckly Constr., Inc. v. Shawnee Civic & Cultural Dev. Authority*, 933, F.2d 853, 855 n.2 (10th Cir. 1991); *O'Connor v. City & County of Denver*, 894 F.2d 1210 1214 (10th Cir. 1990).